**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DASHON C. STARKS,

    Petitioner,

v.                                             Case No. 8:12-CV-1324-T-30MAP
                                                 Crim Case No. 8:05-CR-478-T-30MSS

UNITED STATES OF AMERICA ,

    Respondent.
_____/

## O R D E R

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255(b).

Following a jury trial, Petitioner was found guilty of conspiracy to manufacture and possess with intent to distribute 5 grams or more of cocaine base, possession with intent to distribute 5 grams or more of cocaine base, and manufacturing 5 grams of more of cocaine base and was sentenced on April 28, 2006, to serve a term of 360 months imprisonment, to be followed by 8 years supervised release (CR Dkts. 48, 55, 67). The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence on January 24, 2007 (CR Dkt. 84).

Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was denied on April 8, 2009 (CR Dkts. 107, 108). *See also Starks v. United States*, Case No. 8:08-cv-617-T-30TGW (M.D. Fla. 2008).

"[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). *See* 28 U.S.C. §2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255 and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. This case will, therefore, be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1.  The motion to vacate, set aside, or correct an illegal sentence is **DISMISSED** without prejudice (CV Dkt. 1). The **Clerk** is directed to terminate from pending status the § 2255 motion (CR Dkt. 112) filed in the corresponding criminal case number 8:05-CR-478-T-30MSS.

2.  The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

3.  The **Clerk** shall terminate any pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

2

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis* because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Petitioner shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

**DONE** and **ORDERED** in Tampa, Florida on June 19, 2012.

                                                                                                                           */s/ James S. Moody, Jr.*
                                                         JAMES S. MOODY, JR.
                                                        UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u>:
All Parties/Counsel of Record